NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS.  A-1406-16T1
             A-1457-16T1

WILLIAM F. BRUNT, JR.,

    Plaintiff-Respondent,

v.

BOARD OF TRUSTEES, POLICE &
FIREMEN'S RETIREMENT SYSTEM
IN THE DIVISION OF PENSIONS &
BENEFITS, STATE OF NEW JERSEY;
HANK SCHWEDES; CHERYL CHIANESE
and BERNARDINE BROZENA,

    Defendants-Respondents,

and

THE TOWNSHIP OF MIDDLETOWN IN
THE COUNTY OF MONMOUTH; and
HELEN ALFANO,

    Defendants-Appellants.

---

WILLIAM F. BRUNT, JR.,

    Plaintiff-Respondent,

v.

BOARD OF TRUSTEES, POLICE &
FIREMEN'S RETIREMENT SYSTEM
IN THE DIVISION OF PENSIONS &
BENEFITS, STATE OF NEW JERSEY;
HANK SCHWEDES; CHERYL CHIANESE
and BERNARDINE BROZENA,

    Defendants-Appellants,

| APPROVED FOR PUBLICATION |
| --- |
| **June 18, 2018** |
| **APPELLATE DIVISION** |

and

THE TOWNSHIP OF MIDDLETOWN IN
THE COUNTY OF MONMOUTH; and
HELEN ALFANO,

    Defendants-Respondents.

_____

                Argued April 9, 2018

                Before Judges Ostrer and Rose.

                Reargued telephonically May 31, 2018[1] —
                Decided June 18, 2018

                Before Judges Sabatino, Ostrer and Rose.

                On appeal from Superior Court of New Jersey,
                Law Division, Monmouth County, Docket No.
                L-1573-16.

                Michael L. Collins argued the cause for
                Township of Middletown and Helen Alfano,
                appellants in A-1406-16 and respondents in
                A-1457-16 (Archer & Greiner, PC, attorneys;
                Brian M. Nelson, of counsel; Kira S. Dabby
                and Michael L. Collins, on the brief).

                Jeffrey S. Ignatowitz, Deputy Attorney
                General, argued the cause for Board of
                Trustees, Police and Firemen's Retirement
                System, appellant in 1457-16 and respondent
                in A-1406-16 (Gurbir S. Grewal, Attorney
                General, attorney; Daniel F. Thornton,
                Deputy Attorney General, on the brief).

                Larry S. Loigman argued the cause for
                respondent William F. Brunt., Jr.

_____

[1] The appeal was re-argued at the court's request to add Judge
Sabatino.

The opinion of the court was delivered by

ROSE, J.S.C. (temporarily assigned).

The issue in these back-to-back appeals, which we consolidate for purposes of this opinion, is whether the trial court erred in granting counsel fees to plaintiff, William F. Brunt, Jr., who prevailed in a Law Division action to enforce an agency decision. Because we adhere to the so-called American Rule, requiring litigants to bear their own litigation costs regardless of who prevails, we reverse.

We summarize the facts and procedural history most pertinent to this appeal. In June 2014, plaintiff retired from the Township of Middletown ("Middletown") Police Department while serving as interim deputy chief. When plaintiff's pension calculation failed to include his increased deputy chief salary, plaintiff successfully challenged the error before an administrative law judge ("ALJ"). Middletown was not aware of the hearing and, as such, did not participate. The Board of Trustees of the Police and Firemen's Retirement System ("Board") subsequently adopted the ALJ's decision.

However, by correspondence dated May 2, 2016, Cheryl Chianese, the Board's Retirement and Beneficiary Services Bureau Chief, advised plaintiff's counsel that additional adjustments to plaintiff's final salary required an updated certification

from Middletown, so that the Board could process his recalculated pension benefits. Chianese's letter stated, in pertinent part:

> As I previously advised in 2014, your concerns should have been addressed directly to Middletown Township before filing an appeal with the Board of Trustees. We cannot comment on behalf of [plaintiff's] employer and can only calculate a benefit based on the salary that is remitted to the Division of Pensions and Benefits [("Division")] by the employer.
>
> A review of [plaintiff's] membership file has revealed there have not been additional pension contributions, or salary reported to the Division as of today's date. If you have knowledge that the employer will be remitting retroactive salary information, we will be happy to recalculate the benefit.

Two days later, plaintiff filed an order to show cause and complaint in lieu of prerogative writs in the Law Division, naming as defendants the Board and its agents or employees, Hank Schwedes, Bernardine Brozena, and Chianese ("State Defendants"), and Middletown and its payroll supervisor, Helen Alfano ("Middletown Defendants"). In essence, plaintiff sought enforcement of the Board's adoption of the ALJ's initial decision granting plaintiff's recalculated pension.

Joined by the Middletown Defendants, the State Defendants moved to dismiss the complaint. Following oral argument on July 20, 2016, the court denied the motion, and granted plaintiff's

order to show cause seeking enforcement of the agency decision. In doing so, the court ordered defendants to include plaintiff's final paycheck in its recalculation, and provide plaintiff with an accounting of the recalculation of his benefits within fifteen days of completion.[2] The motion judge also reserved decision regarding plaintiff's application for counsel fees, permitting the parties to brief the issue of whether fees were "awardable in the instant situation."[3]

On August 8, 2016, Chianese advised plaintiff of the Board's recalculation of his pension benefits. On August 31, 2016, the trial court entered an order awarding counsel fees to plaintiff in the amount of $4,492.

---

[2] After plaintiff filed his complaint, and Middletown thus became aware of his claim, Middletown submitted four certifications to the Board, reflecting in its pension calculation plaintiff's position as interim chief. The certifications were revised to correct errors, including pension deductions. See N.J.A.C. 17:2-6.1(e) ("Before an application for retirement may be processed, the Division must receive . . . a completed Certification of Service and Final Salary form from the employer setting forth the employment termination date, and the salaries reported for contributions in the member's final year of employment.")

[3] According to his merits brief, "Plaintiff did not seek counsel fees in the underlying controversy, which required appearances before the . . . Board . . . and an appeal to the Office of Administrative Law . . . . Plaintiff believed that his salary in an interim position was pensionable, consistent with the governing regulations, but it may have been a good faith dispute that led [the Board] and [Middletown] to arrive at a different conclusion."

In his written statement of reasons, the motion judge cited plaintiff's unsuccessful "two-year pursuit to correct the miscalculation of its retirement award[,]" and determined defendants were uncooperative in recalculating plaintiff's pension award until he filed the present action. Although the judge acknowledged the limitations of the American Rule, he quoted the Court's decision in Masse v. Public Employees Retirement System, 87 N.J. 252, 259-61 (1981), "liberally constru[ing]" statutory pension provisions in favor of public employees. The motion judge concluded "justice would not be served" if plaintiff were to bear the counsel fees. Specifically, he said, "A determination to the contrary would have the effect of discouraging any litigation over the calculation of retirement benefits."

Following oral argument on November 18, 2016, the judge denied the Middletown Defendants' motion for reconsideration. In doing so, he referenced Justice Albin's dissenting opinion in In the Matter of the Estate of Folcher, 224 N.J. 496, 519-20 (2016), to support his own finding that "it would be inequitable for plaintiff who had served the municipality with distinction for decades [to] be burdened with additional legal fees by the need to bring this action."

Defendants appeal the award of counsel fees, arguing there is no legal basis for the award. Based on the record before us, we agree.

Our review of a trial court's order on a motion for reconsideration is limited, but it will be set aside if its entry is based on a mistaken exercise of discretion. See Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016) (citing Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002)). A court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015) (quoting Flagg v. Essex Cty. Prosecutor, 171 N.J. 561, 571 (2002)). Thus, reconsideration should be granted, for example, in those cases in which the court had based its decision "upon a palpably incorrect . . . basis." Fusco, 349 N.J. Super. at 462 (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

Despite the significant discretion trial courts have in awarding recoverable attorneys' fees, "such determinations are not entitled to any special deference if the judge 'misconceives the applicable law, or misapplies it to the factual complex.'" Porreca v. City of Millville, 419 N.J. Super. 212, 224 (App.

Div. 2011) (quoting <u>Kavanaugh v. Quigley</u>, 63 N.J. Super. 153, 158 (App. Div. 1960)).

Further, "we need not defer to a trial court's interpretation of the law." <u>In re Estate of F.W. v. State of N.J., Div. of Youth and Family Servs.</u>, 398 N.J. Super. 344, 355 (App. Div. 2008) (citing <u>Manalapan Realty, LP v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995)). Thus, we undertake a de novo review when analyzing questions of law raised in an application to approve a fee request.

Having long-adhered to the American Rule, New Jersey generally disfavors the shifting of fees where they are not expressly authorized. <u>See, e.g.</u>, <u>Innes v. Marzano-Lesnevich</u>, 224 N.J. 584, 592 (2016) (citing <u>Litton Indus., Inc. v. IMO Indus., Inc.</u>, 200 N.J. 372, 404 (2009)); <u>N. Bergen Rex Transp., Inc. v. Trailer Leasing Co.</u>, 158 N.J. 561, 569 (1999). As noted by our Supreme Court, "The purposes behind the American Rule are threefold: (1) unrestricted access to the courts for all persons; (2) ensuring equity by not penalizing persons for exercising their right to litigate a dispute, even if they should lose; and (3) administrative convenience." <u>Innes</u>, 224 N.J. at 592 (quoting <u>In re Niles Trust</u>, 176 N.J. 282, 294 (2003)). Rather, counsel fees are recoverable "if they are expressly provided for by statute, court rule, or contract."

Packard-Bamberger & Co., Inc. v. Collier, 167 N.J. 427, 440 (2001); see also R. 4:42-9 ("No fee for legal services shall be allowed" except for the eight actions expressly stated in the Rule.).

Here, the award of counsel fees for plaintiff's success on his prerogative writs action was not appropriate pursuant to any statutory provision, or subsection of Rule 4:42-9. Instead, the motion judge relied on equitable principles, including those espoused by Justice Albin in his dissenting opinion in Folcher. There, the decedent's wife engaged in fraud and forgery, impacting other beneficiaries of her deceased husband's estate. Folcher, 224 N.J. at 505. Under such circumstances, Justice Albin posited that the decedent's wife should have been liable for attorneys' fees to the prevailing parties for her "egregious misconduct." Id. at 521. The Court's majority, however, found the wife's confidential relationship with her husband did not create a fiduciary relationship between the wife and her husband's remaining beneficiaries. Id. at 513; see In re Niles Trust, 176 N.J. at 299 (creating an exception for attorneys' fees "limited to cases in which an executor's or a trustee's undue influence results in the development or modification of estate documents that create or expand the fiduciary's beneficial interest in the estate").

No such fiduciary relationship or fraud is alleged in the present case. Even assuming defendants were uncooperative in their efforts to effectuate the ALJ's decision, plaintiff did not allege fraud in their handling of his pension claim.

Moreover, unlike discrete statutes permitting an award of counsel fees to successful litigants in certain administrative matters, the Legislature has not delegated such authority in pension cases. Compare N.J.S.A. 34:19-5 (allowing counsel fees under the Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to -8, from an "employer," defined as including "municipalities" and "agenc[ies]"; N.J.S.A. 34:11B-12 (permitting fees from an "employer," defined as "the State, any political subdivision thereof, and all public offices, agencies, boards or bodies," pursuant to the Family Leave Act, N.J.S.A. 34:11B-1 to -16); N.J.S.A. 10:5-27.1 (permitting the recovery of "a reasonable attorney's fee as part of the cost" against an offending employer, including municipalities, under the Law Against Discrimination, N.J.S.A. 10:5-1 to -42); see also Balsley v. N. Hunterdon Reg'l Sch. Dist. Bd. of Educ., 117 N.J. 434, 443, 446-47 (1990) (holding the Commissioner of Education lacked express statutory authority to award counsel fees to a prevailing party in an education-discrimination matter).

A-1406-16T1

We are not persuaded, therefore, that the trial court's liberal construction of statutory pension provisions applies to the award of counsel fees here. The judge's reliance on <u>Masse</u> in this regard is misplaced because that case did not address a fee-shifting statute.

Because we find no legal basis for the award of counsel fees, we are constrained to reverse the motion judge's orders awarding fees and denying the Middletown Defendants' motion for reconsideration. In light of our decision, we need not reach defendants' remaining claims.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION