**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4983-17T2

JENNY R. CIULLA, f/k/a
JENNY R. OTT,

     Plaintiff-Respondent,

v.

RAYMOND T. OTT,

     Defendant-Appellant.

_____

     Argued May 29, 2019 – Decided July 9, 2019

     Before Judges Rothstadt and Gilson.

     On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-0608-15.

     James Clark Jensen argued the cause for appellant (Laufer Dalena, Jensen & Bradley LLC, attorneys; James Clark Jensen, of counsel and on the brief; Kory A. Crichton, on the briefs).

     Daniel Pelic argued the cause for respondent (Townsend Tomaio Newmark LLC, attorneys; Daniel Pelic, of counsel and on the brief).

PER CURIAM

In this post-divorce-judgment matter, defendant Raymond Ott appeals from a May 14, 2018 order denying his motion to reconsider a March 27, 2018 order that compelled him to pay child support and other child care expenses, and denied his request to require plaintiff to attend mediation before filing a motion in court. The only order on appeal is the order denying reconsideration. We discern no abuse of discretion in that order and, therefore, we affirm.

I.

The parties were married in October 2010. They have two children: a son born in January 2012, and a second son born in February 2013. Less than five years after their marriage, the parties were divorced in May 2015.

At the time of the divorce, the parties negotiated and entered into a property settlement agreement (PSA), which was incorporated into their dual final judgment of divorce. In the PSA, the parties agreed that defendant would pay $93 per week in child support, he would pay thirty-five percent of agreed-upon child-related expenses not covered by child support, and he would maintain medical, dental, and prescription insurance for the children. The PSA also contained a provision concerning mediation. That provision stated:

> The parties agree that in the event there is a need to resolve certain issues, they will first attempt mediation,

A-4983-17T2

prior to filing a court application. Any and all mediation costs incurred shall be split between the parties equally.

In January 2018, plaintiff filed a motion seeking (1) to find defendant in violation of litigant's rights for failing to pay child support, failing to contribute thirty-five percent of the children's preschool tuition and aftercare expenses, and failing to maintain medical, dental, and prescription insurance for the children; (2) compelling defendant to satisfy his child support arrears; (3) requiring defendant to report his income to probation to allow income withholding; (4) compelling defendant to purchase bunkbeds for the children so that they had a place to sleep when they were spending time with him; (5) sanctioning defendant; and (6) compelling defendant to pay plaintiff's counsel fees. Defendant opposed that motion and argued that plaintiff should be compelled to go to mediation before the motion was heard.

On March 27, 2018, the family court entered an order ruling on the motion and issued a written statement of reasons explaining the rulings. In the March 27, 2018 order, the court (1) held defendant in violation of litigant's rights for failing to pay child support; (2) compelled him to pay his child support arrears and report his income to probation; (3) compelled him to make timely insurance premium payments and to provide proof of those payments; (4) compelled him

A-4983-17T2

to purchase bunkbeds for the children; and (5) ordered him to pay $3336 for plaintiff's counsel fees. The court denied without prejudice plaintiff's request to compel defendant to reimburse her for his thirty-five percent share of the children's preschool tuition and aftercare expenses finding that plaintiff had submitted insufficient proof to establish whether the PSA required defendant to pay such expenses.

In the accompanying statement of reasons, the family court explained that although the parties had agreed to submit certain issues to mediation prior to filing an application in court, here there was no need for mediation because there were no disputed issues. In that regard, the court found that defendant had agreed to pay child support, but he was simply not paying what he had agreed to pay. With regard to the bunkbeds, the family court reasoned that there was nothing to mediate since defendant had an obligation to provide adequate sleeping arrangements for his children. With regard to attorney's fees, the court found that defendant had acted in bad faith and, therefore, plaintiff was entitled to an award of attorney's fees.

Both parties filed motions for reconsideration. Plaintiff sought reconsideration of her request for reimbursement of thirty-five percent of the

children's preschool and aftercare expenses. Defendant sought reconsideration of the court's denial of his request to compel mediation.

On May 14, 2018, the same judge denied defendant's motion for reconsideration and granted, in part, plaintiff's motion for reconsideration and compelled defendant to pay his share of the children's preschool tuition and aftercare costs. The court also found that defendant had failed to comply with the March 27, 2018 order and directed defendant to comply with his obligations. Again, the court explained the reasons for its ruling in a written statement of reasons.

In addressing defendant's motion for reconsideration, the family court reasoned that defendant had not demonstrated that the March 27, 2018 order was decided on a palpably incorrect basis. Instead, the court found that defendant was simply iterating the arguments that he had previously made. For the first time on reconsideration, defendant also argued that he was not able to pay child support. The family court rejected that argument finding that defendant had provided no financial information to support his contention.

On July 3, 2018, defendant filed a motion for leave to appeal as within time. We entered an order denying the motion as to the March 27, 2018 order,

5

but granting the motion as to the May 14, 2018 order.  Accordingly, the only order on appeal before us is the May 14, 2018 order.

## II.

On appeal, defendant makes one argument.  He contends that the family court erred in denying reconsideration because the court should have enforced the parties' mediation clause.  Given the issues that were ruled upon in the March 27, 2018 order, we discern no abuse of discretion in the family court's decision to deny reconsideration.

On appeal from a denial of a motion to reconsider, our review is limited, but the denial "will be set aside if its entry is based on a mistaken exercise of discretion." Brunt v. Bd. of Trs., Police & Firemen's Ret. Sys., 455 N.J. Super. 357, 362 (App. Div. 2018).  A trial court abuses its discretion "when a decision is 'made without a rational explanation, inexplicably depart[s] from established policies, or rest[s] on an impermissible basis.'"  Ibid. (quoting Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015)).

Reconsideration should only be used in those rare cases that fit into a narrow category where "either 1) the [c]ourt has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the [c]ourt

A-4983-17T2

either did not consider, or failed to appreciate the significance of probative, competent evidence." Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

Here, the question is whether plaintiff should have been compelled to mediate before bringing a court application. That question, in turn, requires an interpretation of the mediation provision in the parties' PSA as applied to the issues raised in plaintiff's motion.

New Jersey favors the use of consensual agreements to resolve marital controversies, treating them as binding contracts that should be enforced. Pacifico v. Pacifico, 190 N.J. 258, 265-66 (2007); Konzelman v. Konzelman, 158 N.J. 185, 193-94 (1999). "It is not the function of the court to rewrite or revise an agreement when the intent of the parties is clear." Quinn v. Quinn, 225 N.J. 34, 45 (2016) (citing J.B. v. W.B., 215 N.J. 305, 326 (2013)). "[M]atrimonial agreements between spouses relating to . . . support, which are fair and just, fall within the category of contracts enforceable in equity." Peterson v. Peterson, 85 N.J. 638, 642 (1981). Nevertheless, "[t]he law grants particular leniency to agreements made in the domestic arena, and likewise allows judges greater discretion when interpreting such agreements." Guglielmo

v. Guglielmo, 253 N.J. Super. 531, 542 (App. Div. 1992); accord Pacifico, 190 N.J. at 266.

Here, plaintiff sought to enforce child support obligations and agreed-upon child care expenses that were not covered by child support. Significantly, defendant did not dispute that he owed these obligations. The mediation provision in the parties' PSA did not require all issues to go to mediation. Instead, it expressly stated that "in the event there is a need to resolve certain issues," the parties would first mediate such issues. There was nothing to resolve with regard to defendant's obligation to pay child support, the agreed-upon preschool tuition and aftercare expenses, and his obligation to maintain health insurance. Moreover, defendant did not dispute that he was in arrears on his child support obligations, had failed to pay his share of the other childcare expenses, and was not maintaining the health insurance. Under those circumstances, there was nothing to mediate. Instead, as the family court correctly found, plaintiff was seeking to enforce agreed-upon obligations.

Defendant contends that certain of the obligations had not been agreed upon. In that regard, he points to the provision of the order that compelled him to purchase bunkbeds. Had defendant raised a factual dispute concerning that issue, he may well have been entitled to mediate that issue. Defendant, however,

A-4983-17T2

did not dispute that when the children were staying with him, they did not have their own beds. Because this issue only comes to us on a motion for reconsideration, we discern no abuse of discretion that would require the matter to first go to mediation.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4983-17T2