**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0013-20

K.W.,

    Plaintiff-Respondent,

v.

G.Y.,

    Defendant-Appellant.

_____

Submitted May 25, 2021 – Decided July 7, 2021

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-0985-14

Laufer, Dalena, Jensen, Bradley & Doran, LLC, attorneys for appellant (Peter G. Bracuti, of counsel and on the brief).

K.W., respondent pro se.

PER CURIAM

    In this post-judgment matter, defendant appeals from a July 24, 2020 order denying his motion for reconsideration of the denial of his request to reduce his

child support obligations.[1]  He argues that his economic circumstances changed when his application for pension benefits was delayed because of the COVID-19 pandemic.  The family court found that he had not demonstrated a substantial change of circumstances.  We agree and affirm.

I.

The material facts are not in dispute.  The parties were married in March 2005.  They have two children, daughters born in 2005 and 2009.  They were divorced in December 2019.

Their divorce followed a seven-day trial.  The dual final judgment of divorce (JOD) directs defendant, the father, to pay $126 per week in child support.  The JOD also requires defendant to pay 46% of the children's extracurricular expenses, up to an annual cap of $6,000.  Those support awards were based on plaintiff's annual income of just over $149,000 and defendant's imputed annual income of just over $129,700.  More specifically, the family court imputed annual income to defendant based on $58,101.48 in pension income, $56,086 in employment income, and $15,532 in investment income.

---

[1]  Because some of the procedural history involves allegations of domestic violence, we use initials to protect privacy interests.  R. 1:38-3(c)(12).

A-0013-20

The court then used the Child Support Guidelines to calculate defendant's obligations.

For almost twenty-five years, and for most of the parties' marriage, defendant had been a police officer. In March 2017, he was fired following an internal affairs investigation and disciplinary determination that he had engaged in misconduct related to a domestic dispute with plaintiff. He appealed his termination, but we affirmed the decision upholding his termination. G.Y. v. Twp. of Hanover, No. A-2600-17 (App. Div. Feb. 19, 2019) (slip op. at 21).

In February 2020, defendant applied to receive his police pension. He explained that he waited until that time to file his application because he was hoping to regain his former employment or find another position as a police officer so he could get to twenty-five years of service, which would significantly increase his pension payments.

Defendant certified that the Police and Firemen's Pension Review Board has not acted on his pension application because the Board is not hearing cases due to the COVID-19 pandemic. Accordingly, in April 2020, defendant filed an application to decrease his child support payments and his contribution towards the children's extracurricular expenses.

A-0013-20

Plaintiff represents that she never received that motion. Nevertheless, the family court denied the motion in an order dated June 5, 2020. The court also issued a short statement of reasons explaining its decision. The family court denied the application because defendant had stopped receiving unemployment benefits in February 2020, but those temporary benefits did not factor into the calculation of defendant's imputed income. The family court also explained that it did not think defendant's application warranted oral argument.

On June 25, 2020, defendant moved for reconsideration and requested a new determination that he had made a showing of substantial and involuntary change in his financial circumstances. He argued that because he was not receiving a pension, his child support should be reduced to $18 per week and his contributions towards the children's extracurricular expenses should be reduced to 38%.

On July 24, 2020, the family court issued a statement of reasons and order denying defendant's second application. The court explained that it did not believe the motion for reconsideration warranted oral argument. The court also found that defendant did not make a prima facie showing of a substantial change in circumstances because he did not provide documents explaining how long pension applications typically take to be considered or how the delay was

4

attributable to the COVID-19 pandemic. The family court also pointed out that defendant bore some responsibility for the delay because he had waited almost three months after entry of the JOD to apply for his pension.

II.

Defendant now appeals from the July 24, 2020 order. He argues that the family court erred in (1) denying his motion for reconsideration; (2) failing to find that he had established a substantial change of his financial circumstances; (3) failing to make a temporary adjustment to his child support obligation under N.J.S.A. 2A:34-23; and (4) failing to hear oral arguments. We discern no abuse of discretion or error of law warranting a reversal and, therefore, we affirm.

Orders for child support "may be revised and altered by the court from time to time as circumstances may require." N.J.S.A. 2A:34-23. Appellate courts use an abuse of discretion standard "[w]hen reviewing decisions granting or denying applications to modify child support." J.B. v. W.B., 215 N.J. 305, 325-26 (2013) (quoting Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012)). We also use an abuse of discretion standard when reviewing an order denying a motion for reconsideration. Brunt v. Bd. of Trs. Police & Firemen's Ret. Sys., 455 N.J. Super. 357, 362 (App. Div. 2018). "An abuse of discretion 'arises when a decision is "made without a rational explanation, inexplicably

A-0013-20

depart[s] from established policies, or rest[s] on an impermissible basis."'" Jacoby, 427 N.J. Super. at 116 (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

Child support orders are subject to modification on a showing of a change in circumstances. Lepis v. Lepis, 83 N.J. 139, 146 (1980) (citations omitted). The party seeking modification of a prior order or judgment must establish a prima facie showing of changed circumstances. Id. at 157. A change in circumstances can include a decrease in income. Quinn v. Quinn, 225 N.J. 34, 49 (2016). Generally, however, the movant must show that there has been a "substantial, non-temporary change[] in [his or her] ability to . . . pay support." Gordon v. Rozenwald, 380 N.J. Super. 55, 67-68 (App. Div. 2005). Consequently, even when there is a large reduction in income, a reduction in child support should not be granted if the decrease is temporary. Donnelly v. Donnelly, 405 N.J. Super. 117, 127-28 (App. Div. 2009); Larbig v. Larbig, 384 N.J. Super. 17, 22-23 (App. Div. 2006). Moreover, the needs of the children are always a consideration. N.J.S.A. 2A:34-23(a)(1).

Defendant failed to make a prima facie showing of a substantial change in his financial circumstances. There is nothing in the record explaining how and when defendant will obtain his police pension. More critically, there is nothing

A-0013-20

in the record explaining exactly how and why the COVID-19 pandemic has impacted the Board of Trustees of the Police and Firemen's Retirement System. Consequently, defendant has made no showing of how long he will have to wait to receive his pension, or whether he will be given a retroactive payment dating back to February 2020, when he first applied for his pension.

We reject defendant's argument that he established a change of circumstances "as a matter of law." That contention is inconsistent with well-established law that requires the moving party to show a change of circumstances. Lepis, 83 N.J. at 146; Jacoby, 427 N.J. Super. at 116.

We also reject defendant's contention that it is inequitable to deny his application since he is not responsible for the COVID-19 pandemic. While defendant is clearly not responsible for the pandemic, he has failed to present facts establishing how long there will be a delay in his receipt of his pension and whether that temporary delay will cause a prolonged substantial change in his economic circumstances. Accordingly, it would not be equitable to the children to make a change when defendant has not made the required showing. Donnelly, 405 N.J. Super. at 128 (citing Larbig, 384 N.J. Super. at 23) (explaining that the determination of whether there has been a change of circumstances long enough to warrant modification is committed to the family court's discretion).

We also reject defendant's argument that the family court should have fashioned a temporary order using its authority under N.J.S.A. 2A:34-23. The section defendant cites, N.J.S.A. 2A:34-23(k), permits temporary reductions in alimony payments, not child support obligations. While the family court has authority in certain circumstances to temporarily reduce child support obligations, see Kuron v. Hamilton, 331 N.J. Super. 561, 576 (App. Div. 2000), that authority is committed to the sound discretion of the family court, J.B., 215 N.J. at 325-26. We discern no abuse of that discretion here.

Finally, we discern no basis to reverse the family court's order because the court did not hear oral argument. The better practice is to hear oral argument when requested. See R. 5:5-4(a)(1); see also Filippone v. Lee, 304 N.J. Super. 301, 306 (App. Div. 1997). Nevertheless, there are circumstances when family courts have discretion not to hear oral argument. Palombi v. Palombi, 414 N.J. Super. 274, 285-86 (App. Div. 2010). Defendant had a full and fair opportunity to present his arguments in support of his application to reduce his child support. Moreover, he has not pointed to any substantive issue not considered by the family court. Therefore, we see no reason to remand this matter for oral argument.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0013-20