**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3046-19

ANN CORIGLIANO and
MICHAEL CORIGLIANO,

     Plaintiffs-Respondents,

v.

HENRY CORIGLIANO, JR.,
individually, and HENRY
CORIGLIANO, JR., and JANET
M. SANDELLI, as trustees of the
testamentary trust of HENRY
CORIGLIANO f/b/o
HENRY CORIGLIANO, JR., and
trustees of the testamentary trust
of MARGARET V. CORIGLIANO
f/b/o HENRY CORIGLIANO, JR.,
and as executors of the estate of
HENRY CORIGLIANO
and estate of MARGARET V.
CORIGLIANO,

     Defendants-Appellants,

and

FLORENCE CORIGLIANO,
individually, CORIGLIANO
MOTOR SERVICES, INC., and

FANNY REALTY COMPANY,
INC.,

      Defendants.

_____

Submitted March 2, 2021– Decided July 12, 2021

Before Judges Gilson and Gummer.

On appeal from Superior Court of New Jersey, Chancery Division, Morris County, Docket No. C-000049-19.

Andrew Rubin and Keith A. McKenna, attorneys for appellants.

Respondents have not filed briefs.

PER CURIAM

Defendant Henry Corigliano, Jr. (Cory) appeals an order requiring him to pay the attorneys' fees of his cousins, plaintiffs Ann Corigliano and Michael Corigliano, incurred in their efforts to enforce a settlement agreement. Because the trial judge did not follow the required procedures for the imposition of a fee-award sanction, we reverse.

The parties resolved a property dispute in a mediated settlement agreement, which required Cory, among other things, to close by June 14, 2019, on the purchase of five lots and the interests held by others in Corigliano Motor Services, Inc. and Fanny Realty Company, LLC or, if he failed to close on that

transaction by July 1, 2019, pursuant to a "time of essence closing notice," to sell his interest in the lots and businesses.[1]  Asserting Cory had attempted to change the terms of the settlement agreement in the course of negotiating the contract of sale drafted by Ann's attorney and had breached the agreement, plaintiffs on May 28, 2019, filed a verified complaint and an order to show cause seeking an order enforcing the settlement agreement, finding "the Cory Defendants"[2] had breached and repudiated it, and compelling "the Cory Defendants" to sell their interests in the lots and businesses.  Without issuing an order to show cause and before defendants filed an answer, the trial judge scheduled a summary hearing.

---

[1]  Plaintiffs in their verified complaint, Cory in his appellate brief, and the trial judge in the opinion state "Cory" was required to purchase the lots and business interests.  The settlement agreement actually states "Trust to buy LLC, Corp and 5 lots," presumably meaning the "Trust established F/B/O Henry Corigliano, Jr. under Article Fourth of the Last Will and Testament of Henry Corigliano" ("Henry's Trust") or the "Trust established F/B/O Henry Corigliano, Jr. under Article Third of the Last Will and Testament of Margaret Corigliano" ("Margaret's Trust").  Cory and his sister defendant Janet M. Sandelli were trustees of those trusts.  According to Cory, the parties, "either individually, as shareholders, or through the trusts," owned the lots.

[2] Plaintiffs defined the "Cory Defendants" as Cory and Janet.  Plaintiffs named Cory and Janet as defendants in their capacity as trustees of Henry's Trust and Margaret's Trust; they also named Cory individually as a defendant.

A-3046-19

At the beginning of the second day of the hearing, which took place on July 1, 2019, Cory's counsel stated Cory was prepared to close on the transaction that afternoon, in compliance with the July 1 deadline set in the settlement agreement and a time-of-the-essence letter sent by Ann's counsel. The trial judge nevertheless continued the summary hearing, heard closing arguments, and rendered an oral decision.

In her decision, the trial judge noted "defendant" had changed positions, initially arguing the settlement agreement was unenforceable but ultimately seeking to enforce the agreement. Describing Cory as "largely not credible," the trial judge found "three actual breaches of the settlement agreement and two anticipatory breaches." The trial judge, however, also found plaintiffs had "repudiated the repudiation by electing to use the time-of-the-essence closing notice and proceeding" set forth in the settlement agreement and held because "[d]efendant says he's ready to close today, . . . I have to allow him to attempt to do that." The judge concluded, "if the [d]efendant can close today and meet all of the contingencies of the settlement[] agreement, then that's the remedy, and if not, . . . the alternative relief [of defendants' selling their interest] would be enforced by the [c]ourt immediately." The closing took place that day.

A-3046-19

The trial judge also stated, "the pattern of behavior suggests bad faith on the part of the [d]efendant or, at the very least, suggests [d]efendant had no intention of complying with the time frames when he signed the settlement agreement," which "may entitle [p]laintiffs to some relief in the terms of attorney's fees spent because . . . I don't think that he would have been able to close today but for this litigation." The trial judge stated she "would be inclined to entertain an application for fees" and set a briefing schedule on "whether you're entitled to attorney's fees by law."

In a written decision, the trial judge awarded plaintiffs' fees. Noting her findings that Cory had changed his position regarding the enforceability of the agreement, was not credible, had breached the settlement agreement, and his "litigation tactics were the product of bad faith, entirely without merit in law or fact," the trial judge held plaintiffs were entitled to fees "as a sanction" pursuant to Rule 1:4-8 because "Cory frivolously defended a meritorious action," relying on a court's "inherent power to sanction a party" who has acted in bad faith. The trial judge issued an order requiring defendant to pay Ann's attorney $87,566.77 and Michael's attorney $42,240.50. Cory appeals that order.[3]

---

[3] Plaintiffs have not submitted a response to Cory's appeal.

A-3046-19

We review for an abuse of discretion a trial judge's decision to award sanctions pursuant to Rule 1:4-8. United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 379, 390 (App. Div. 2009). A fee award based on a mistaken application of law is not entitled to any special deference; we review de novo legal issues raised in a fee application. Brunt v. Bd. of Trs., Police & Firemen's Ret. Sys. in Div. of Pensions & Benefits, 455 N.J. Super. 357, 363 (App. Div. 2018).

Finding "no contractual basis upon which an award of fees may be premised," the trial judge stated she was ordering defendant to pay plaintiffs' attorneys' fees "in accordance with [Rule] 1:4-8," which she referred to as "the frivolous litigation rule." Rule 1:4-8 does not authorize a court to sanction a represented party, like Cory; instead, it authorizes a court to sanction an "attorney or pro se party." R. 1:4-8(a) to (c); see also Toll Brothers, Inc. v. Twp. of W. Windsor, 190 N.J. 61, 69 (2007). "Sanctions for frivolous litigation against a party are governed by the Frivolous Litigation Statute, N.J.S.A. 2A:15-59.1," which was not cited by the trial judge. Bove v. AkPharma Inc., 460 N.J. Super. 123, 147 (App. Div. 2019). Rule 1:4-8 and the Frivolous Litigation Statute are "interpreted restrictively" with sanctions awarded "only in exceptional cases." Id. at 151.

6

Rule 1:4-8 "governs the procedures applicable to an award of frivolous litigation counsel fees and costs" under both the rule and the statute. Toll Brothers, 190 N.J. at 64; see also Bove, 460 N.J. Super. at 150. Because the judge imposed the sanctions on a represented party, Rule 1:4-8(f) applies. Ibid.; see also Bove, 460 N.J. Super. at 150. Paragraph (f) requires "'[t]o the extent practicable,' the procedures governing applications for frivolous litigation sanctions against attorneys and pro se parties shall apply also to applications against parties." Ibid. (quoting R. 1:4-8(f)). The procedural safeguards of Rule 1:4-8 are not meaningless hoops through which a court or a moving party must jump; they are the mechanism that ensures due process is given to the party potentially subject to a frivolous-lawsuit sanction. See McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 558-59 (1993) (finding a party subject to a frivolous-lawsuit sanction is entitled to due process, which means at a minimum "notice defining the issues and an adequate opportunity prepare and respond"); see also Toll Brothers, 190 N.J. at 72 (finding "the public policies underlying N.J.S.A. 2A:15-59.1 militate in favor of requiring that claims against parties meet [Rule 1:4-8's] procedural requirements to the fullest extent possible").

A-3046-19

The trial judge raised the issue of a fee award during her oral decision; plaintiffs had not filed any motion for fees or requested a fee award during their closing arguments. Consequently, the procedures of paragraph (c), which addresses sanctions imposed on a court's "own initiative," and not paragraph (b), which concerns "[m]otions for [s]anctions," of Rule 1:4-8 govern the trial judge's fee award.[4] The trial judge did not follow those required procedures.

Paragraph (c) requires a judge considering the imposition of a frivolous-litigation sanction to issue "before a voluntary dismissal or settlement of the claims" an "order describing the specific conduct that appears to violate [Rule 1:4-8] and directing the . . . party to show cause why he or she has not violated [Rule 1:4-8]." The trial judge never issued the required order to show cause. We see no practicable reason why the judge could not have issued the order to show cause before imposing sanctions on Cory.

---

[4] Even if paragraph (b) applied, the result would be the same because the required procedures of paragraph (b) were not followed. Plaintiffs did not file a motion for sanctions "separately from other applications" and did not serve the required twenty-eight-day notice giving defendant an opportunity to withdraw any allegedly "offending paper." See R. 1:4-8(b)(1); Toll Brothers, 190 N.J. at 69.

Because the trial judge abused her discretion in awarding fees without first issuing the required order to show cause, we reverse the award of fees and costs and vacate the order requiring defendant to pay them.

Reversed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3046-19